IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MCKEITHAN QUANDRELL WHITLEY, )
)
              Petitioner, )
)
v. )    1:16CV788
)    1:15CR321-1
UNITED STATES OF AMERICA, )
)
              Respondent. )

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner submitted a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Section 2255 Motion") (Docket Entry 22)[1] in connection with the Judgment entered against him as a result of his guilty plea to three counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Docket Entry 20). The Court dismissed three additional counts of possessing with intent to distribute cocaine base, possessing a firearm in furtherance of a drug trafficking crime, and being a felon in possession of a firearm. (Id.) By its express terms, Petitioner's Section 2255 Motion raises one ground for relief. (See Docket Entry 22, ¶ 12.) Prior to the Government's Response (Docket Entry 26), Petitioner filed two supplements addressing the same matters referenced in his Section 2255 Motion (see Docket Entry 24; Docket Entry 25).[2]

Petitioner's Section 2255 Motion contends that he no longer qualifies as a career offender because his "[p]revious convictions

---

[1] Parenthetical citations refer to the above-referenced criminal case.

[2] Pin citations to both of Petitioner's supplements refer to the page number in the footer appended upon docketing via the CM/ECF system.

are not . . . crime[s] of violence and [that he] only pleaded to 4, 5, and 6 counts which is a gram [and] a half." (Docket Entry 22, ¶ 12(Ground One).) In support of such claim(s), Petitioner asserted that:

> [T]he time I was supposed to have gotten is just for only the sales I made to the confidential informant and would put me at a level III on my PSR [because the] only points I had was 8 points without no enhancements. I never made no sales from the address the CI told the officers of that address so I feel if they dropped the other counts they enhanced me on I should [b]e [r]esentence[d] up under that guideline [r]ange. Neither did I have 28 grams – 112 grams, I had less tha[n] that so my argument is my lawyer is or was insufficient counselor on her case with me from the beginning. I feel as if she did not fight hard for me to be free or lenient on my sentence.

(Id., ¶ 12(Ground One)(a); see also Docket Entry 24 at 1 ("I feel like I am being punished on 3 counts and the other counts were dropped or dismissed and by me putting in a motion for the Johnson law I see that my two priors are not a crime of violence . . . . I need to prove whether my lawyer [was] not trying to consider [that] they gave me too many points to enhance me on those two priors." (emphasis added)), 2 ("I was to be sentence[d] on just [three] counts . . . and to be sentence[d] only for . . . a gram and a half so the guidelines range is only 15 to 21 months which they didn't use the relevant conduct [because] those charges got dismissed . . . ."); Docket Entry 25 at 2 ("I pleaded to . . . three counts . . . [involving] a detectable . . . amount of cocaine base, but [the Indictment] never mentioned specifically what amount I actually sold to the [informant] . . . ."), 3 ("[T]hese matters reduce my points and my Criminal History level and [require the Court to] sentence me by the Guidelines just for

-2-

Case 1:15-cr-00321-WO    Document 31    Filed 04/30/18    Page 2 of 11

the distribut[ing] cocaine base for [the three] counts [I pleaded guilty to] . . . .").)

Petitioner thus has presented multiple claims in the single ground of his Section 2255 Motion (as further addressed in his two supplements).  First, Petitioner has alleged that his previous convictions no longer constitute crimes of violence following <u>Johnson v. United States</u>, 576 U.S. ___, 135 S. Ct. 2551 (2015). Second, Petitioner has contested the amount of drugs attributed to him, because he only pled guilty to three counts, rather than all six counts.  Third, Petitioner has argued that his counsel acted ineffectively by failing to object to the drug amount attributed to him.

Petitioner's first contention based on <u>Johnson</u> fails for two reasons.  First, the Court did not treat Petitioner as a career offender at his sentencing hearing.  Although Petitioner's Presentence Report classified him as a career offender based on his prior convictions for North Carolina common law robbery and North Carolina assault with a deadly weapon inflicting serious injury (<u>see</u> Docket Entry 17, ¶ 25), at the sentencing hearing, then-Chief Judge William L. Osteen, Jr., adopted the Presentence Report with the exception of the career offender adjustment (<u>see</u> Docket Entry 28 at 19 ("THE COURT: . . . [F]or the purposes of this case only, I will find that based upon the parties' agreement . . . [Petitioner] is not a career offender and, therefore, . . . the career offender adjustment does not apply in

-3-

this case.").) Petitioner cannot challenge a career offender classification that did not apply at sentencing.

Moreover, as the Fourth Circuit recently explained in addressing a Guidelines challenge based on Johnson:

> After [Petitioner] made [his] argument [that *Johnson* invalidates his career offender designation] . . ., the Supreme Court issued its decision in *Beckles[ v. United States*, ___ U.S. ___], 137 S. Ct. 886 [(2017)]. In *Beckles*, the petitioner was . . . sentenced as [a] "career offender" under the Sentencing Guidelines — a sentencing enhancement that . . . depended on the defendant having two prior convictions for a "crime of violence," as that term is defined in U.S.S.G. § 4B1.2(a). The petitioner challenged his sentence, arguing that one of his prior convictions was not a crime of violence after the [Supreme] Court's decision in *Johnson*. The government conceded . . . that the residual clause in § 4B1.2(a) was unconstitutionally vague, but it argued that the petitioner's sentence nonetheless remained valid. The [Supreme] Court, however, did not accept the government's concession. Instead, it rejected the petitioner's effort to apply *Johnson* to the Sentencing Guidelines, explaining:
>
>> Unlike the [Armed Career Criminal Act at issue in *Johnson*], the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.
>
> This decision clearly forecloses [Petitioner's] argument based on *Johnson*.

United States v. Mack, 855 F.3d 581, 585 (4th Cir. 2017) (internal citations and ellipsis omitted) (citing and quoting Beckles, ___ U.S. at ___, 137 S. Ct. at 890-92). In other words, Petitioner's contention that his previous convictions for common law robbery and assault with a deadly weapon inflicting serious injury no longer

qualify as "crime of violence" predicates under the Guidelines following <u>Johnson</u> fails as a matter of law.

Next, Petitioner has asserted that the Court incorrectly calculated the drug amounts attributed to him at sentencing. Specifically, Petitioner's Section 2255 Motion appears to argue that the Court erred by calculating his base offense level at 24, based upon a finding of his accountability for more than 28 grams of cocaine base, but less than 112 grams of cocaine base. (<u>See</u> Docket Entry 22, ¶ 12(Ground One)(a).) According to Petitioner, the Court should not have considered amounts of cocaine base associated with a dismissed count. (<u>Id.</u>) That argument fails as a matter of law.

As an initial matter, Petitioner may not use his Section 2225 Motion to attack the calculation of his offense level under the advisory Guidelines. <u>See</u> <u>United States v. Foote</u>, 784 F.3d 931, 940–43 (4th Cir. 2015) (holding that claims of misapplication of advisory Sentencing Guidelines do not constitute matters cognizable on collateral review). Further, at sentencing, the Court must consider "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction," where (as here) the Sentencing Guidelines would require grouping of multiple counts. <u>See</u> <u>United States v. Richardson</u>, No. 17-4280, 2018 WL 985793, at *2 (4th Cir. Feb. 20, 2018) ("[Petitioner] next asserts that he should have been only held responsible for the drugs involved in the count to which he pled guilty. However, under USSG § 1B1.3(a)(2) (2016), drug

-5-

quantities not specified in the count of conviction are considered as relevant conduct for sentencing when they are part of the same course of conduct or common plan or scheme.") Therefore, uncharged conduct or conduct charged in dismissed counts properly may factor into Guidelines' calculations as "relevant conduct." In fact, a sentencing judge **must** consider relevant conduct and cannot simply choose to ignore it. <u>United States v. Hayes</u>, 322 F.3d 792, 802 (4th Cir. 2003).

Moreover, Petitioner and his counsel did not specifically contest this calculation at his sentencing hearing. (<u>See</u> Docket Entry 28.) In fact, when the Court asked Petitioner's counsel about the Presentence Report at sentencing, the following colloquy took place:

> THE COURT: Have you received a copy of the [P]resentence [R]eport and reviewed it with [Petitioner]?
>
> [COUNSEL]: I have, Your Honor.
>
> THE COURT: So let me see. There were several objections filed. There was an objection to the career offender calculation based upon the -- at least the conviction for assault with a deadly weapon inflicting serious injury based upon the contention that offense does not constitute a crime of violence.
>     There was also an alternate argument that the robbery offense did not constitute a crime of violence. At this point the Government concedes . . . that the assault offense is not a crime of violence and that therefore the career offender adjustment should not apply. We'll address that in just a moment.
>     Then I think there was an objection to the "plus two" for maintaining a premises and then I think, the way I understood it, was there some issues with respect to relevant conduct, but a -- not an objection to the calculation.
>     Am I stating those correctly?
>
> [COUNSEL]: Yes, Your Honor.

-6-

Case 1:15-cr-00321-WO   Document 31   Filed 04/30/18   Page 6 of 11

> . . .
>
> THE COURT: Other than those objections, are there any other objections?
>
> [COUNSEL]: There are none.
>
> THE COURT: [Petitioner], have you reviewed the [P]resentence [R]eport with [counsel]?
>
> [PETITIONER]: Yes, sir.
>
> THE COURT: And other than the objections that I have described, are there any other objections to the report?
>
> [PETITIONER]: No, sir.

(Docket Entry 28 at 3-4.)

Later during the sentencing hearing, Petitioner's counsel further clarified that any issues regarding the scope of the relevant conduct did not impact the drug quantity calculation in the Presentence Report, including as concerns dismissed counts:

> [COUNSEL]: . . . So, Your Honor, today in fashioning a sentence that is sufficient, but not greater than necessary, we would be respectfully asking the Court to consider the low end of the advisory guideline range; and in doing so, Your Honor, one of the things we discussed in our position paper was this notion of relevant conduct and the notion of how relevant conduct can include uncounseled admissions, can include matters that are dismissed pursuant to pleas, can even include sometimes matters that may have been unlawfully obtained.
> Now, we are not before the Court with a motion to suppress. It is -- I wanted to clarify that, you know, that was part of our plea negotiations, but we understood that good-faith reliance would probably carry the day for that search warrant. But I only brought that to the Court's attention because when you think about the way the state system works and when you negotiate a plea and where [Petitioner] is coming from, you know, when you negotiate a plea that means that whatever is dismissed is really off the table.
> We are in federal court where relevant conduct is taken into consideration, and it's a broad scope. Because of that relevant conduct, you know, if you look at what he pled guilty to and the amounts of what he pled guilty to, our advisory guideline range was in the vicinity of

> 15 to 21 months; but once you broaden the scope of what
> is -- the Court can consider at sentencing and correctly
> consider at sentencing, we're at 84 to 105 months. But
> what he wanted to ask the Court was to -- for the Court
> to look at how that works and how that conduct impacts
> the advisory guideline range and impacts it correctly,
> but really ask the Court to consider that as a 3553(a)
> factor, so to speak.

(<u>Id.</u> at 53-54.)

Even after Petitioner's counsel made such concessions about relevant conduct, Petitioner did not inform the Court that he objected to the drug quantity calculation in the Presentence Report. (<u>See</u> <u>id.</u>, at 60-66.) Now, however, Petitioner has contended that his counsel acted ineffectively by failing to challenge the Court's consideration of the relevant conduct and drug amounts for the dismissed counts of the Indictment. In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that prejudice resulted. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 688-92 (1984). "Surmounting <u>Strickland</u>'s high bar is never an easy task. . . . [T]he standard for judging counsel's representation is a most deferential one." <u>Harrington v. Richter</u>, 562 U.S. 86, 105 (2011) (internal quotation marks omitted). Moreover, to establish prejudice, Petitioner must show a reasonable probability that but for counsel's unprofessional errors, a different result would have occurred. <u>Strickland</u>, 466 U.S. at 694.

As previously discussed, Petitioner's underlying claim lacks merit. Accordingly, even if Petitioner's counsel would have raised this challenge at Petitioner's sentencing hearing, it would not

have provided Petitioner any relief. As a result, the ineffective assistance claim lacks merit. See Oken v. Corcoran, 220 F.3d 259, 269 (4th Cir. 2000) ("[C]ounsel [i]s not constitutionally ineffective in failing to [take action if] . . . it would have been futile for counsel to have done so . . . .").[3] All of the claims raised in Petitioner's Section 2255 Motion fail as a matter of law.

In addition to the claims raised in the Section 2255 Motion, in explaining why he did not appeal his case based on such claims, Petitioner alleged:

> I was told that I would [r]eceive a sentence of 151-188 [months] and told the D.A. wasn't going any lower and my lawyer lied and said I would get this sentence if I was to appeal the sentence I was given and that was not a good idea and she already knew they dismissed my 3 counts and I thought I was pleading to 6 counts. That[']s why I thought . . . that I was getting all this time for all 6 counts but once I got my committment [sic] papers I was given my papers saying that 3 counts . . . were dismissed and my 2 priors were not a crime of violence so why a level IV with 25 points when I supposed to been a level III without no enhancements and to only get sentenced under those guidelines. I [am] arguing that my lawyer lied on her behalf cause I specifically asked her could the Johnson case [h]elp me and she said it would when it went in affect.

(Docket Entry 22, ¶ 12(7) (emphasis added).)

To the extent that Petitioner intended to bring an additional ineffective assistance of counsel claim based on his counsel's failure to provide him with proper advice on whether or not to appeal, this argument fails as a matter of law. As previously

---

[3] To the extent Petitioner challenges his counsel's failure to object to the facts supporting the calculation of the weight of the drugs attributed to the Petitioner, that claim also lacks merit. Petitioner offers no evidence calling into question the factual findings of the Presentence Report that resulted in the calculation of the drug amounts. (See Docket Entry 22, ¶ 12(Ground One)(a); Docket Entry 24 at 2; Docket Entry 25 at 1.)

-9-

noted, in order to prove ineffective assistance of counsel, Petitioner would need to show both that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that prejudice resulted. See Strickland, 466 U.S. at 688–92. Here, Petitioner cannot demonstrate any prejudice from his counsel's alleged advice because, as noted above, the grounds on which Petitioner contends he would have appealed would fail as a matter of law.

Furthermore, Petitioner has not supported any of these conclusory allegations against his counsel in any way. That defect precludes any relief. See United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) ("[C]onclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the [d]istrict [c]ourt." (internal quotation marks omitted)); Whitley v. United States, Nos. 1:03CR445, 1:12CV67, 2014 WL 4443295, at *6 n.1 (M.D.N.C. Sept. 9, 2014) (unpublished) (recommendation of Webster, M.J., adopted by Beaty, S.J.) ("Unsupported, conclusory allegations [in a motion under Section 2255] do not warrant an evidentiary hearing, much less relief." (citing Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999)), appeal dismissed, No. 14-7424, 2015 WL 1543893 (4th Cir. Apr. 8, 2015) (unpublished).

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Docket

Entry 22) be denied and that Judgment be entered dismissing the action, without issuance of a certificate of appealability.

This, the 30th day of April, 2018.

>  /s/ L. Patrick Auld
> **L. Patrick Auld**
> **United States Magistrate Judge**